24-29-cv
*Curto v. Erie County Water Authority*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> GUIDO CALABRESI,
> *Circuit Judges*.

———————————————————————

PATRICIA J. CURTO,

> *Plaintiff-Appellant*,

> v.                                                          24-29-cv

ERIE COUNTY WATER AUTHORITY, EARL L. JANN, JR.,

> *Defendants-Appellees*.

———————————————————————

For Plaintiff-Appellant:                    Patricia J. Curto, pro se, West Seneca, NY.

For Defendants-Appellees:                   James D. Macri, Goldberg Segalla LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

In 2017, the Erie County Water Authority ("ECWA") shut off plaintiff Patricia Curto's water service because she refused—for over two years—to allow an ECWA employee to replace her water meter. Proceeding pro se, Curto sued ECWA alleging, inter alia, procedural due process violations, an unconstitutional taking, and trespass. The district court granted ECWA's motion for summary judgment in full. Curto appealed. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision to **AFFIRM**.[1]

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when,

---

[1] The district court previously dismissed some of Curto's other claims and rendered other rulings on motions throughout the pendency of the case. Although Curto mentions and even disputes some of these dispositions in her brief, we agree with ECWA that she has not adequately developed her arguments on those issues, which are therefore forfeited. *See Palin v. New York Times Co.*, 113 F.4th 245, 279 (2d Cir. 2024) (issues "unaccompanied by some effort at developed argumentation" are forfeited); *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se party forfeits issues raised only "in passing").

construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I.     Procedural Due Process Claim

We agree with the district court that summary judgment is appropriate on Curto's procedural due process claim.   "It is well established that many state-created privileges . . . 'are not to be taken away without that procedural due process required by the Fourteenth Amendment.'"  *Gudema v. Nassau Cnty.*, 163 F.3d 717, 724 (2d Cir. 1998) (quoting *Bell v. Burson*, 402 U.S. 535, 539 (1971)).  To prevail on a procedural due process claim, Curto must demonstrate: "(1) that the Defendants deprived [her] of a cognizable interest in life, liberty, or property; (2) without affording [her] constitutionally sufficient process."  *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted).   Because the validity of Curto's property interest is undisputed, the primary issue is whether she received constitutionally sufficient process.

The Supreme Court has held in the utility disconnection context that due process requires notice and at least "some administrative procedure for entertaining customer complaints prior to termination . . . to afford reasonable assurance against erroneous or arbitrary withholding of essential services."  *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 18 (1978).  But this requirement need not be onerous.  "The opportunity for

3

informal consultation with designated personnel empowered to correct a mistaken determination constitutes a 'due process hearing' in appropriate circumstances." *Id.* at 16 n.17.

The district court determined, and we agree, that Curto received proper notice and an opportunity to be heard prior to the termination of her water service. The summary judgment record shows that ECWA mailed Curto eight letters requesting she schedule a time to install a new water meter—six of which warned her that her water service would be discontinued if she refused to schedule the replacement. ECWA placed an additional final notice on Curto's door indicating that she needed to call ECWA within 10 days or else her water would be shut off. The notices all provided the contact number for ECWA customer service which Curto could call to discuss the need for the replacement and schedule a time for the repair. Though Curto claims she did not receive all of the letters, "[i]n the context of a wide variety of proceedings that threaten to deprive individuals of their property interests, the Supreme Court has consistently held that mailed notice satisfies the requirements of due process." *Akey v. Clinton Cnty., N.Y.*, 375 F.3d 231, 235 (2d Cir. 2004) (quoting *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)). In the context of this record, the district court did not err in concluding that summary judgment was appropriate on Curto's procedural due process claims.

## II. Takings Claim

The district court correctly granted summary judgment on Curto's takings claim. "The law recognizes two species of takings: physical takings and regulatory takings." *Buffalo Teachers Fed'n v. Tobe*, 464 F.3d 362, 374 (2d Cir. 2006). Physical takings "occur when the government physically takes possession of an interest in property for some public purpose." *Id.* Nothing was taken from Ms. Curto for a public purpose, so she has no physical takings claim.

Regulatory takings occur when a "a state regulation goes too far and in essence effects a taking." *Id.* (internal quotation marks and citation omitted). Regulatory takings may be either categorical or non-categorical. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 330 (2002). A categorical taking involves a government regulation that leaves "no productive or economically beneficial use of the land." *Id.* There has been no categorical taking as Curto retains many of the economic benefits of ownership.

"Anything less than a complete elimination of value, or a total loss," may be a non-categorical regulatory taking and is analyzed under the framework established in *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978). *Tahoe-Sierra*, 535 U.S. at 331. To determine if a non-categorical taking occurred, we must weigh "(1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has

5

interfered with distinct investment-backed expectations; and (3) the character of the governmental action." *Buffalo Teachers*, 464 F.3d at 375. We agree with the district court that there has not been a non-categorical taking, principally because the impact from the termination of Curto's water service is temporary and within her control to remedy. ECWA has maintained—including throughout this litigation—that it will restore Curto's water service if she permits an ECWA employee to replace her water meter. Accordingly, the district court did not err in granting ECWA summary judgment on Curto's takings claim.

## III. Trespass

In New York, a claim for civil trespass requires showing an "intentional entry onto the land of another without justification or permission" or "a refusal to leave after permission has been granted but thereafter withdrawn." *Nat'l Fuel Gas Distribution Corp. v. PUSH Buffalo*, 104 A.D.3d 1307, 1309 (4th Dep't 2013) (internal quotation marks and citation omitted). We agree with the district court that Curto consented to ECWA's entry onto her property for service-related reasons when she signed up for water service. *See* Erie Cnty. Water Auth. Tariff § 2.39 ("The customer shall grant identified [ECWA] employees or agents . . . access to the premises at reasonable times for purposes of installing, reading, inspecting or repairing meters."); N.Y. Pub. Auth. Law § 1054(13) ("[ECWA] shall have power: [t]o enter on any lands, waterways and premises for the

6

purpose of . . . examinations."). And Curto does not allege that she withdrew permission and then ECWA employees refused to leave. Based on the summary judgment record, the district court did not err in concluding the entries onto Curto's property did not constitute trespass.

\* \* \*

We have considered Curto's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7